(47 App. Div. 120.)

## In re CAMERON'S ESTATE.

(Supreme Court, Appellate Division, Third Department.   January 8, 1900.)

1 LETTERS OF ADMINISTRATION—PETITION—SUFFICIENCY—SURROGATE'S COURT
    —JURISDICTION.
       Under Code Civ. Proc. § 2662, requiring a petitioner for letters of ad-
    · ministration to prove presumptively, "by affidavit or otherwise to the sat-
    isfaction of the surrogate," that the decedent left no will, a verified peti-
    tion for letters of administration on a decedent's estate, stating that she
    died without leaving any valid last will and testament, to deponent's knowl-
    edge, information, and belief, was sufficient to give the surrogate juris-
    diction to determine such fact.
2. WILLS—EXISTENCE—INTESTACY—PRESUMPTION—BURDEN OF PROOF.
       Since existence of a valid will cannot be presumed, the burden is on
    persons alleging such fact in opposition to a petition for letters of admin-
    istration to show that a will had been executed and published as pre-
    scribed by statute, by a testator having testamentary capacity.
3. SAME—APPEAL—REJECTION—EVIDENCE—HARMLESS ERROR.
       Where a surrogate found that the evidence did not satisfy him as to the
    validity of an alleged will, and the record contained evidence which the
    surrogate erroneously struck out, but which he considered, and the supreme
    court sustained his findings of fact, his error in striking out such evidence
    was harmless.
4. SAME—EXECUTION—EVIDENCE.
       Decedent executed an alleged will and codicil in New York, in which
    she appointed a resident executor, who after her death obtained probate
    thereof in an ex parte proceeding in Illinois, where the testatrix owned
    property.   In an application for appointment of an administrator on the
    ground that decedent died intestate, photographic copies of the will and
    codicil, and an exemplified copy of the record and decree of the probate
    · court in Illinois admitting them to probate, were produced before the sur-
    rogate; and the attesting witnesses, who were residents of New York,
    identified the photographic copy of the codicil, stating that it was a fac-
    simile thereof, and testified to the due execution and publication of the
    original.   No attempt was made to probate the will in New York.   Held,
    that such facts were not sufficient to prove the authenticity and due exe-
    cution of the will and codicil, and it was not error for the surrogate to
    grant letters of administration on decedent's estate.

Appeal from surrogate's court, Warren county.

Application by Theodore Farlin for letters of administration on
the estate of Cynthia M. Cameron, deceased.   From a surrogate's
decree granting the petition, Nerva Farlin and another, claimants
under an alleged will, appeal.   Affirmed.

Appeal by Nerva and May Farlin, infants, by their special guardian, from
a decree of the surrogate's court of Warren county adjudging that the decedent
died intestate, and granting general letters of administration upon her estate.
The proceeding was instituted upon the petition of Theodore Farlin, one of the
next of kin of the decedent, alleging that Cynthia M. Cameron died in said
county, an inhabitant thereof, February 2, 1898, "without leaving a valid last
will and testament," possessed of personal property within the state of New
York of a value not exceeding $2,500, and stating the names and residences
of her next of kin, among whom were these appellants, to whom citations were
issued.   They appeared in the proceeding, and by their general guardian de-
nied that Cynthia M. Cameron died without leaving any valid last will and
testament, and alleged that she did leave a last will and testament, and a cod-
icil thereto, duly executed, whereby she bequeathed a portion of her estate
to them, or for their benefit, which will and codicil had been duly proved and
admitted to probate by and in the probate court of the county of Cook, in the
state of Illinois, and that letters testamentary had been issued thereon by said

court to the executor named in said will; that the said executor had duly qualified and was acting as such; and that said probate court had full jurisdiction in the premises. Upon the trial of the issue thus raised, of the intestacy of the decedent, the appellants offered in evidence a copy, duly exemplified according to the act of congress, of a decree of the probate court of Cook county, in the state of Illinois, admitting to probate certain instruments as and for the last will and testament, and codicil thereto, of Cynthia M. Cameron, photographic copies of which, certified to be fac similes thereof, were annexed to said copy of the decree, together with a transcript of the recitals of the records of the court of the testimony relating to the execution of the will and codicil, of the admission thereof to probate, and of the issue of letters testamentary thereon to Lewis H. Davis as executor thereof, and of his qualification as such by giving the bond required by the court and taking the oath required by law. Evidence was given to the effect that the probate court named in the exemplified copy was and is a court of record, having general jurisdiction of all matters relating to the probate of wills, granting of letters testamentary, the care and settlement of estates left by decedents; that the original will and codicil were on file in the office of said probate court, and that the statute of Illinois requires that the original will shall remain on file in said office; and that the custodian thereof had refused to permit the same to be taken therefrom for production before the surrogate of Warren county. It appeared that said instruments were executed in Warren county, in this state; that the witnesses thereto resided in said county, and were examined there by a commissioner appointed by the probate court of Cook county, Ill.; that at the time of the death of the decedent the instruments were in the custody of the executor, Davis, who resided in Chicago, Cook county, Ill., and that the decedent had assets in Chicago; and that no proceedings to prove the alleged will and codicil have ever been instituted in Warren county. The two witnesses to the alleged codicil testified before the surrogate of Warren county, in this proceeding, that they had witnessed a codicil for Mrs. Cameron, and that they had been examined as witnesses thereto before the commissioner appointed by the probate court of Cook county, Ill., who then produced the original codicil before them, and that they identified it, and that the photographic copy now produced was a fac simile thereof; and they testified at length as to the execution and publication of the original by Mrs. Cameron. Their testimony tended to show the due execution of the codicil. The appellants then asked for a commission to take additional testimony in Chicago as to the original instruments, their custody, and the proceedings for their probate. The application was denied by the surrogate, and upon motion of the petitioner the surrogate struck out the photographic copy of the alleged will and codicil, and the testimony of the witnesses given in connection therewith, and thereupon adjudged that the decedent died intestate, and issued letters of administration upon her estate to Lydia M. Upson. The appellants duly excepted to rulings of the surrogate. The surrogate, upon the settlement of the case, found that the evidence given in this proceeding did not satisfy him of the genuineness of either the alleged will or codicil, or of the validity of their execution under the laws of this state.

Argued before PARKER, P. J., and LANDON, HERRICK, KELLOGG, and MERWIN, JJ.

Louis M. Brown, for appellants.
James C. Rogers, for respondents.

LANDON, J. In order to institute the proceeding, it was necessary for the petitioner to prove presumptively, "by affidavit or otherwise to the satisfaction of the surrogate," among other things, that "the decedent left no will." Code Civ. Proc. § 2662. Of course, that means no valid will. "The word 'intestate' signifies a person who died without leaving a valid will." Id. § 2514. The verified petition stated the death of Mrs. Cameron "without leaving any valid last will and testament, to my knowledge, information, or be-

lief." The petitioner was the nephew of the decedent, and one of her nearest of kin, and resided in the same county with her. Apart from this statute, testacy is not presumed, and therefore less evidence is necessary to prove intestacy presumptively. We think the petition sufficient to justify the surrogate in deciding that it gave him jurisdiction to inquire and determine what the fact is.

Upon the issue as to Mrs. Cameron's intestacy, the test was whether she left a valid will. The question being open for determination, manifestly the presumption in favor of intestacy continued until overcome by the evidence, since, under our statutes, the existence of a valid will cannot be presumed, but it must be shown to have been executed and published as prescribed by our statutes, by a person having testamentary capacity. Therefore, unless the evidence before the surrogate was such as would render it reasonably certain that, upon an application for its probate, it could be established, the surrogate might find that the decedent died intestate.

The situation was peculiar. The decedent was an inhabitant of the county of Warren, in this state. She executed the alleged will and codicil there, died there, and left assets within this state. The person named as executor, instead of applying for the probate of these instruments to the domestic forum, where all the evidence touching their validity was easily obtainable, took them to the distant forum of another state, where the opportunity to challenge their validity and defeat their probate was less favorable than in the domestic forum, and he procured probate there under the laws of that state. The proceeding in that state seems to have been ex parte. The decree recites that "due notice of the application for the proof of said will and codicil has been given as by statute required," but what the statute requires was not shown, and there are no recitals of appearances. This proceeding instituted before the surrogate of Warren county in behalf of the next of kin was a direct challenge of the validity of the alleged will. It was not met by an application for probate. Of course, the next of kin do not ask its probate, and they cannot resist it before it is attempted. If the order appealed from should be reversed, the administratrix must be displaced. The will still remains unprobated, and it may be that the person named as executor in it will distribute all the assets according to its provisions. The fact that a foreign forum was sought, and the domestic one avoided; that the proceeding there was ex parte; that the original instruments had been so placed that they could not be produced here, and that photographic copies were produced in their stead; that no application to probate the instruments here had been made or proposed; that witnesses were called as to the execution of the codicil, but not of the will,—might, in the absence of explanation, suggest doubt to the surrogate. Such doubt, in connection with the statutes which prescribe the kinds of evidence which the surrogate may receive and consider upon the application to prove an existing written domestic will, would naturally be strengthened. While the record of the foreign court might be sufficient evidence of the existence and validity of the will under the laws of Illinois, and within that jurisdiction, it could be no substitute for the evidence which our statutes require to be

produced before the surrogate in support of the probate of a domestic will.

The evidence adduced by the appellants was relevant to the issue of the existence of a will. Strictly speaking, it was error to strike it out. But the surrogate expressly found upon the settlement of the case that the evidence given in this proceeding did not satisfy him of the genuineness of the alleged will and codicil, or either of them, or of the validity of their execution under the laws of this state. The record contains the evidence which he struck out, and as he passed upon it, we may do the same. Code Civ. Proc. § 2586. And, if we sustain his finding of facts, his error in striking it out is not reversible error, since, whether in or out, the result would be the same.

Full faith and credit must, of course, be given by this state to the records and judicial proceedings of the state of Illinois, and that is done by conceding the will to be valid in that state. The laws of that state do not give or attempt to give it further force. If the will had been executed in that state, we should be governed by its laws in determining the validity of its execution. Code Civ. Proc. § 2611.

Could the will be probated here if it could not be produced, its existence being known? The implication of the first subdivision of section 1861, and of section 2620, Code Civ. Proc., is that the surrogate cannot admit such a will to probate. The courts, however, have held that wills executed in other countries, which might be admitted to probate here if produced, may be proved before the surrogate upon evidence taken upon commission; the will being produced before the commissioner, and the witnesses thereto, and such witnesses giving their testimony as to the original will thus produced. Such a production is held to be a production before the court, in the person of its commissioner. Russell v. Hartt, 87 N. Y. 19; In re Delaplaine, 45 Hun, 225. As the witnesses to these instruments reside in this state, they must be examined here. A commission would not enable the surrogate or the commissioner or parties to confront them with the will itself. The difficulty could perhaps be overcome in an action in the supreme court under section 1861. Younger v. Duffie, 94 N. Y. 535. That court, by virtue of its general jurisdiction in equity, could, no doubt, adapt its procedure to meet the exigency. If so, no reason is suggested why such an action may not now be brought, and, if successful, be followed by vacating the letters of administration. But we cannot say upon the evidence that the will could stand the test of a rigid inspection, or that the supreme court would probate it. The difficulty with the case is that, if the letters of administration be now vacated, the laws of this state may possibly be circumvented by the practical administration of the estate under a will which, if valid, ought to be established according to our laws, and, if not valid, should not be made effectual by indirection; and we are not disposed to set such a precedent.

The decree of the surrogate is affirmed, but without costs. All concur.