---

### In re LAW.

(Supreme Court, Appellate Division, First Department. February 13, 1903.)

1. WILLS—PROOF—SURROGATE'S COURT—JURISDICTION.
   Under Code Civ. Proc. § 2620, providing that, where a written will is proved as prescribed in such section, it must be filed and remain in the surrogate's office, etc., the surrogate has no power to admit to probate the will of a resident decedent which had been probated in another state, and therefore cannot be produced and filed in the surrogate's office, but such will must be established by an action as authorized by section 1861.

Appeal from surrogate's court, New York county.
Application by William W. Law for the probate of the will of John S. Law, deceased. From a surrogate's decree dismissing the proceeding, petitioner appeals. Affirmed.

See 67 N. Y. Supp. 857.

John S. Law died on the 25th day of August, 1893, at Greenwich, in the state of Connecticut, leaving a last will and testament, which related to both real and personal property. After the decease of the testator, his widow presented a petition for the probate of his will to the probate court in the state of Connecticut, where the will was admitted to probate as the will of a domiciled resident of that state. On January 23, 1900, a grandson of the testator, who was not a party to the Connecticut proceeding, brought a proceeding in the surrogate's court of New York county to have the last will and testament of said John S. Law, deceased, admitted to probate; alleging in his petition, among other usual jurisdictional facts, that the deceased was a domiciled resident of the state and county of New York. The contestants, in their

answer thereto, admitted the validity of the will, but denied that the deceased was a resident of the state of New York at the time of his death, and set up the fact of the probating of the will in the state of Connecticut as a bar to further proceedings in the state of New York.  The surrogate's court dismissed the proceeding on the ground that the Connecticut proceeding was res adjudicata, and a bar to any proceedings in the New York surrogate's court, and a decree was thereupon entered accordingly.  From such decree the proponent appealed to the appellate division, which latter court reversed the decree, and remanded the proceeding to the surrogate for a further hearing. 56 App. Div. 454, 67 N. Y. Supp. 857. , In the new hearing before the surrogate, he rendered a decision wherein he found that the testator, John S. Law, died at Greenwich, in the state of Connecticut, but that at the time of his death he was a resident of the county and state of New York; that he left a last will and testament, which is now in custody of the probate court of Greenwich, Conn., and which was not produced before the surrogate's court of New York county.  As matter of law, the surrogate found, among other things, that the said surrogate's court of New York county has jurisdiction of the estate of said deceased; that the said last will and testament cannot be probated in this proceeding, as the original instrument was not produced before the court upon the hearing; and therefore the proceedings were dismissed.  From the decree thereupon entered, this appeal is taken.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Wm. H. Cochran, for appellant.

J. J. Karbry O'Kennedy, for respondent.

HATCH, J.   It is not essential to a disposition of this case that we follow the argument of the learned counsel for the appellant in his discussion of the probate jurisdiction conferred upon the surrogate by the several provisions of the Code of Civil Procedure, or of the authorities bearing thereon, both before and since their enactment.   No useful purpose would be served by so doing.   The question as to whether the will of an inhabitant of this state, made and executed herein, can be admitted to probate by the surrogate without the production of the will itself, is settled by decisive authority.   In Matter of Cameron, 47 App. Div. 120, 62 N. Y. Supp. 187, it was said, "The implication of the first subdivision of section 1861 and of section 2620 of the Code of Civil Procedure is that the surrogate cannot admit such a will to probate."   This decision was affirmed in the court of appeals upon the opinion below.   166 N. Y. 610, 59 N. E. 1120.   The fact that in the Cameron Case, supra, the surrogate found that he was not satisfied from the evidence that any such will was in existence, did not affect at all the question of the power to admit to probate if not produced.   While it is true that in that case the application was for the issuance of letters of administration upon the estate of the decedent, yet upon the hearing before the surrogate the appellant therein asked for a commission to take additional testimony in Chicago as to the original instruments, their custody, and the proceedings for their probate.   This application was denied, and the question raised thereby was presented for determination.   Consequently the question as to the power of the surrogate in the premises was directly involved, and it was thought that such ruling was proper, for the reason that without the production of the will the surrogate had no power to admit it to probate.   Nor could it be established by the issuance of a commission,

for the reason that the witnesses to the instrument involved in the pro-
ceeding resided within the state of New York, and therefore could not
be produced before the commissioner to take such proof.  For both
these reasons the ruling of the surrogate was sustained.  The court
cites Russell v. Hartt, 87 N. Y. 19, and Matter of Delaplaine, 45
Hun, 225, as authorities showing that, under the circumstances pre
sented by these cases, a will may be established by producing the same
before a commissioner appointed to take testimony for that purpose,
when the production of the will before the commissioner is deemed,
in law, to be the production of the same before the surrogate.  It is
evident that the court in the Cameron Case, supra, did not intend to
lay down any different rule from that which had been announced in
the cases which it cites as authority.  It simply announced the doctrine
determined therein.  In Russell v. Hartt, supra, it was held that where
a testator, not an inhabitant of this state, died, leaving assets within the
jurisdiction of the surrogate, proof might be taken of a will by inter-
position of a commission, where the original will was in the possession
of a court or tribunal of another country, and could not be physically
produced.  Matter of Delaplaine, supra, was decided upon the au-
thority of this case, and does not extend its doctrine.

In the case before us the will has been probated in the state of Con-
necticut.  The testator was an inhabitant of this state.  The will was
executed herein, and the witnesses to the will and codicil all reside in
the state of New York.  It is evident, therefore, that under such cir-
cumstances the will could not be established before a commissioner, as
the proponent would be confronted with the same difficulty as existed
in Matter of Cameron, supra.  While it is true that wills may be ad-
mitted to probate, which have been lost or destroyed, yet, where a writ-
ten will is established, having a present physical existence, it is required
by the provisions of section 2620 of the Code of Civil Procedure to be
produced before the surrogate, and it must be filed and remain in the
surrogate's office.  The will established by the petitioner in the pres-
ent case, and found by the surrogate to exist, is a written will, having
a present existence; and, under the provisions of this section, it must
be produced and be filed in the surrogate's office when it is admitted to
probate.  The cases which we have cited clearly so recognize.

This conclusion is strengthened by the provisions of section 1861 of
the Code of Civil Procedure, which authorizes an action to establish
or impeach a will under the following circumstances:

"(1) Where a will of real or personal property, or both, has been executed,
in such manner and under such circumstances, that it might under the laws
of the state, be admitted to probate in the surrogate's court; but the original
will is in another state or country under such circumstances that it cannot
be obtained for that purpose; or has been lost or destroyed, by accident or
design, before it was duly proved and recorded within the state."

This section clearly contemplates the existence of a condition such
as the present case presents, and therefore an action might lie to
establish this will.  Younger v. Duffie, 94 N. Y. 535, 46 Am. Rep. 156.
If it were an original question, we should not hesitate to hold, in the
case of a will made by an inhabitant of this state, and executed within
its jurisdiction, that it cannot be probated without the physical produc-

tion of the will, where such will is in writing and in existence. The authorities which we have cited are conclusive in support of this doctrine.

It follows that the decree of the surrogate should be affirmed, with costs. All concur.