Foot, J.
 

 — The circumstances under which the codicil in question was prepared and executed, are unusual and unsatisfactory. The mildest result which can legitimately flow from them is, a close scrutiny of the evidence of its execution, for the purpose of ascertaining * 124 1 *wke*her the requirements of the law have been -* complied with, as these requirements are guards which the statute has set around the feeble in body and mind, to protect them, and the real objects of their, bounty from imposition and fraud.
 

 The rule is well settled, that the fact must be established by some satisfactory proof, that the testator, at the time of subscribing his name to the will, or acknowledging his subscription, declared the instrument to be his last will and testament, in the presence of each of the two subscribing witnesses. In this case, there is not satisfactory proof that the testator, at the time he subscribed the codicil in question, declared it to be a codicil to his will, in the presence of Caroline See, one of the subscribing witnesses.
 

 Decree affirmed, with costs.
 
 [1]
 

 [1]
 

 See, to the same point, Abbey
 
 v.
 
 Christy, 49 Barb. 276. It seems, however, to be sufficient, that the witnesses knew the instrument was a testamentary-paper, when they werr requested to sign. Dack v. Dack, 19 Hun 630.