## In re KUNKLER'S WILL.

(Surrogates' Court, New York County. June 12, 1914.)

1. WILLS (§ 111*)—EXECUTION—SIGNATURE BY TESTATRIX—"SIGNING AT THE END OF THE WILL."

The subscription by testatrix of her name after the attestation clause is a signing "at the end of the will" within the meaning of the statute.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 267–275; Dec. Dig. § 111.*]

2. WILLS (§ 119*)—ATTESTATION BY WITNESSES—PUBLICATION.

To render the execution of a will or codicil valid, the testator must declare the instrument to be his last will and testament to the witnesses, and, when there is no satisfactory proof that the testator has done so, probate must be denied.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 305–313; Dec. Dig. § 119.*]

3. WILLS (§ 123*)—EXECUTION—SIGNATURE BY TESTATRIX.

A testatrix must sign her name to the will before the witnesses are requested to sign their names, as otherwise they have no signature or making of a will to attest.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 321–331; Dec. Dig. § 123.*]

4. WILLS (§ 302*)—EVIDENCE—EXECUTION.

Where a will and codicil were on their face defectively executed, the attestation clause would not cover a lapse of memory of the witnesses or reconcile contradictions in their testimony as to the manner of execution.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 575, 581, 700–710; Dec. Dig. § 302.*]

Proceedings for the probate of the will of Margaretha Kunkler, deceased, contested by Jacob Kunkler. Probate denied.

Bernard J. Tinney and John B. Harrison, both of New York City, for proponent.

Louis Boehm, of New York City, for contestant.

COHALAN, S. [1-4] The alleged will of the deceased is signed by the testatrix after the attestation clause, in the place usually reserved for the signatures of the subscribing witnesses. After the last paragraph in the will and before the attestation clause there is a space left for the signature of the maker with the word "witnesses" on the left margin and a seal on the right margin. Following the word "witness-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

es" is written "Anna Jones." No signature of the maker of the will appears opposite the seal, the proper and ordinary place for the affixing of the signature of a testator. Anna Jones and Lena Schmidt are the subscribing witnesses, and they have affixed their signatures underneath the signature of Margaretha Kunkler, with their addresses. The codicil is executed in the same fashion, except the word "witnesses" does not appear, and Anna Jones has not affixed her name above the attestation clause, as in the will. The will is dated the 13th day of September, 1913, and the codicil is dated the 11th day of October, 1913. The subscription by Margaretha Kunkler of her name after the attestation clause is a signing "at the end of the will" within the meaning of the statute (Younger v. Duffie, 94 N. Y. 535, 46 Am. Rep. 156); but there are other irregularities connected with the execution of this will which I think vitiate the instrument. Lena Schmidt testified that she signed her name to both the will and the codicil on the same day in September, 1913, although the codicil is dated on the 11th day of October, 1913. She testified that there was no one present at the signing of both of these papers except Margaretha Kunkler and her granddaughter, Margaret Kairn, and that Margaretha Kunkler did not publish and declare the instrument signed by her to be a will and codicil. In answer to a question, "What did Mrs. Kunkler say to you at the time you signed your name?" she said:

"She says, 'Sign that—your name and where you live. Maybe I am dying, and I want to have that settled.' "

To render the execution of a will or codicil valid, the testator must declare the instrument to be his last will and testament to the witnesses, and, where there is no satisfactory proof that the testator has done so, probate must be denied. Seymour v. Van Wyck, 6 N. Y. 120. Anna Jones, the other subscribing witness, testifies positively that Margaretha Kunkler declared the papers to be her last will and testament both to herself and to Lena Schmidt, so that there is a conflict of testimony here. She further testified that she signed the will in September and the codicil "the next time she called" in October, and she swears positively that at the time she signed her name as a witness both to the will and the codicil the name of Margaretha Kunkler was not written on either, but that Margaretha Kunkler signed after she had affixed her name as a witness. It is elementary that a testatrix must sign her name to the will before the witnesses are requested to sign their names, as otherwise they have no signature or making of a will to attest. A signing by the witnesses before the testator is not a compliance with the statute or a due execution of the will. Jackson v. Jackson, 39 N. Y. 153; Sisters of Charity v. Kelly, 67 N. Y. 409. The petitioner cannot rely upon the attestation clause in this will and codicil to cover a lapse of memory of the witnesses or to reconcile contradictions in their testimony as to the exact method of execution of the instruments because they are on their face defectively executed. Upon all the evidence adduced I am convinced that the will here presented for probate has not been properly executed in conformity with the statute, and probate of the same must be refused.