Hallowell, Administratrix, *et al. v.* Hallowell *et al.*

---

No. 9696.

HALLOWELL, ADMINISTRATRIX, ET AL. *v.* HALLOWELL ET AL.

WILL.—*Contest.—Signature.*—The name and seal of the testator appeared after the attestation clause, on the right, with the signatures of attesting witnesses on the left.
*Held,* that this, as a ground of contest after probate, was frivolous.

From the Huntington Circuit Court.

*W. H. Trammel, T. G. Smith* and *T. L. Lucas,* for appellants.
*J. C. Branyan, M. L. Spencer, C. W. Watkins* and — *Branyan,* for appellees.

BLACK, C.—This was a suit brought by the appellants to contest the validity of a will after probate. The only question pressed in this court, raised by a motion for a new trial, assigning as causes that the finding was not sustained by sufficient evidence and was contrary to law, relates to the execution of the will. No evidence was introduced but the will, with the attested proof thereof and the clerk's certificate of probate. The will commenced thus:

Hallowell, Administratrix, *et al. v.* Hallowell *et al.*

"I, Nathan Hallowell, of Huntington county, in the State of Indiana, do make and publish this, my last will and testament."

As shown by the transcript before us, the will ended as follows:

"In testimony hereof, I have hereunto set my hand and seal, this fourth (4) day of November, 1879.

"over

"Signed and acknowledged by said Nathan Hallowell as his last will and testament, in our presence, and signed by us in his presence.        NATHAN HALLOWELL. [SEAL.]

"JASPER H. TERRELL.

"CATHARINE TERRELL."

The word "over" occurs at the bottom of a page in the transcript. Appellants, in their brief, say that it was so in the original will. There was no testimony on this subject, or on any other.

The record of the probate, introduced by the plaintiffs, showed that Catharine Terrell appeared before the clerk of the Huntington Circuit Court, on the 24th of November, 1879, and, being by him duly sworn, testified that on the 4th of November, 1879, she saw Nathan Hallowell sign his name to said instrument in writing as and for his last will and testament; that she, at the same time, heard him declare said instrument to be his last will and testament; that said instrument was, at the same time, at the request of said Nathan Hallowell, and with his consent, attested and subscribed by Jasper H. Terrell and Catharine Terrell, in the presence of said testator, and in the presence of each other, as subscribing witnesses thereto; and that said Nathan Hallowell was, at the time of the signing and subscribing of said instrument as aforesaid, more than twenty-one years of age, of sound and disposing mind and memory, and not under any coercion or restraint.

The validity of the will is attacked only because of the

Hallowell, Administratrix, *et al. v.* Hallowell *et al.*

situation of the name of the testator beneath and to the right of the attestation clause. The court was asked, merely upon the face of the instrument itself, to declare the will illegal and void and to set aside the probate, and to revoke letters of administration with the will annexed, which had been issued.

The statute, R. S. 1881, section 2576, provides, that "No will except a nuncupative will shall affect any estate, unless it be in writing signed by the testator or by some one in his presence with his consent, and attested and subscribed in his presence by two or more competent witnesses."

The fact that the signature of the testator followed the attestation clause did not prevent its being his signature to the will. He whose name appears as that of the testator in the will, which purports to have his hand and seal set thereto, and whose name and seal appear before and apart from the names subscribed without seals, apparently as the names of witnesses, could not, as against the probate, be presumed to have subscribed as a third witness to a will not signed by the testator.

It was necessary that he should sign before the witnesses attested and subscribed, but it was not necessary, though more orderly, that an attestation clause should intervene between his name and that of the witnesses, or, indeed, that there should be any attestation clause.

Unquestionably, the evidence was insufficient to set aside the probate. See *Potts* v. *Felton*, 70 Ind. 166; *Herbert* v. *Berrier*, 81 Ind. 1.

In truth, the ground of contest was frivolous.

PER CURIAM.—It is ordered, on the foregoing opinion, that the judgment be affirmed, at the costs of the appellants.