Waiver of issue and service of citation on probate of a will of personal property and consent that it be probated forthwith are not a waiver of the statutory right given by Code Civ. Proc. §§ 2647, 2648, to apply within one year after decree admitting the will to probate for revocation thereof.

2. WILL—EXECUTION.

A will was written on a two-sheet printed form, and executed by the testator, and subscribed by witnesses at the foot of the first page. At the end of the clause making dispositions were the words "Continued on next page," and on the third page were nine lines creating two money legacies, written and signed by the testator. *Held* insufficient to show that witnesses subscribed at the physical end of the will as provided by statute.

In the matter of the will of John Albert, Jr., deceased. Application for revocation of probate granted.

Otis & Pressinger, for petitioner.
Henry Kropf and Henry Hoyt, for respondents.

THOMAS, S. A paper propounded as the will of John Albert, Jr., was duly admitted to probate as a will of real and personal property. The decedent's estate consisted of personalty, and he left, him surviving, his mother, brothers, and sisters, all of whom subscribed and acknowledged a paper by which they appeared in person and waived the issue and service of a citation in the probate proceeding,

and consented that the said last will and testament be forthwith admitted to probate. No citation was issued in that proceeding, and the decree admitting the propounded paper was made on the faith of this stipulation. The present proceeding is commenced on the petition of a sister of the decedent, a party to the stipulation, to revoke the probate, and it is objected that she is precluded by the stipulation from maintaining it. I am of opinion that the entire force and effect of the appearance, waiver, and consent was to permit a decree to be made admitting the will to probate, which decree should have precisely the same force and effect as if made on due issuance and service of citation, followed by default. The statute permits a proceeding to revoke the probate of a will of personal property to be commenced at any time within one year after the recording of the decree admitting it to probate (Code Civ. Proc. §§ 2647, 2648), and I find no waiver of that remedy in the stipulation. The due making of the first decree is not inconsistent with the later remedy, but is rather a condition upon which alone the second proceeding can be maintained. No theory of estoppel can prevail, since the act of the present petitioner in consenting that the prayer of the petition in the first proceeding should be granted did not lead any one to change his position to his hurt, if the legal effect of the first decree thus obtained is in no degree attacked or disputed. Dater v. Willson, 36 Hun, 546. The paper admitted to probate is written in the handwriting of the decedent upon a printed form, with blank spaces filled. The entire printed matter, including the clause appointing executors, the final or testimonium clause, and an attestation clause, is on the first page of this form. The blank space for dispositive provisions sufficed to contain 20 lines of manuscript, after which the decedent wrote the words, "Continued on next page." The next page was left blank, but on the third page he wrote nine lines. The testator and three witnesses signed their names at the foot of the first page. The testator also signed his name at the bottom of his writing on the third page, and he procured a notary to certify on the third page that he had sworn to the paper. By a certificate of the notary, pasted on the third page, it appears that the testator and the three witnesses acknowledged the execution of the paper before him. The evidence leaves no doubt in my mind that the writing of the testator on the third page was intended by him to be a part of his will. The words on the first page as to the continuance on the next page had reference to the next page on which there was writing, and the evidence of the notary and of the nephew of the testator only makes it clear that the natural inferences from the appearance of the paper are correct. The subscribing witnesses do not all of them recollect that the writing on the third page was a part of the instrument shown to them by the testator and acknowledged by him to be his will, but I am constrained by the evidence to find that such was the fact. Upon these facts the witnesses did not subscribe at the physical end of the will, and the admitting of it to probate was erroneous. 2 Rev. St. p. 63, § 40; In re Andrews' Will, 162 N. Y. 1, 56 N. E. 529, 48 L. R. A. 662, 76 Am. St. Rep. 294. It is argued that the matter on the first page, before the signatures, constitutes a complete disposition

of the estate of the testator, which, when properly construed, will have precisely the same legal effect as if the matter on the third page were also included as a part of the instrument. The matter following the signatures of the witnesses is said to be redundant, and mere surplusage; and it is claimed that because the testator's intentions would be fully effectuated by admitting the first page of the paper as a will, omitting the third page, this should be done. It is not contended that the matter on the third page has no reference to the disposition of the testator's estate. Standing alone, it would amount to the creating of two clearly-defined money legacies; but the argument is that, by the terms of the writing on the first page, the entire estate of the testator is bequeathed to these same legatees. The answer to this contention is that the testator intended these last clauses to be a part of his will, and the will was not completed to his satisfaction until they were added. For the purposes of the statute, "what shall form part of the instrument which the testator intends as his will must be determined by him." Younger v. Duffie, 94 N. Y. 535, 540, 46 Am. Rep. 156. It may be that the contention as to the true construction of the first page of the paper is correct, though as to this there is some doubt; but the testator intended that the later writing should not be ignored, and no rule of statute or just principle would justify us in upholding a part of his will and in rejecting the balance of it. In re O'Neil's Will, 91 N. Y. 516, 524. The probate of the paper must be revoked, but, under all the circumstances, costs will be paid out of the estate.

Probate revoked.