WILL OF YOUNG: GALE and another, Respondents, vs. FREE-
MAN and another, Appellants.

*April 9—April 29, 1913.*

*Wills: Probate: Date of execution: Mental capacity: Place of sign-
ing: Revocation: Double signature: Obliteration of one.*

1. In a proceeding for probate of a will, the evidence is *held* to sus-
tain a finding by the trial court that a subsequent will (which
was lost) was not executed by the testator until after June 25,
1903, at which time, by reason of injuries, he became mentally
incompetent.

2. The fact that the testator's signature follows instead of precedes
the attestation clause does not invalidate a will.

3. Where a will was regularly signed and sealed by the testator at
the end of the attestation clause, and such signature was duly
witnessed, the fact that a signature above the attestation clause
was at some time wholly or partially obliterated does not prove
a revocation.

APPEAL from a judgment of the circuit court for Trem-
pealeau county: JAMES O'NEILL, Judge. *Affirmed.*

The testator, Wm. M. Young, made three wills in his life-
time. The first was a holographic will dated January 8,
1903. On January 26, 1906, he executed another will
drawn by *George Gale.* Some time after January 8, 1903,
he executed another will which was drawn by one Arnold.
This will is lost and its date is uncertain.

The will of January 26, 1906, was refused probate be-
cause made when the testator was of unsound mind. The
will of January 8, 1903, was then offered and admitted to
probate, and it is from a judgment of the circuit court af-
firming the judgment of the county court admitting this will
to probate that the contestants appeal. The court found that
on June 25, 1903, Young received a severe fall and that
thereafter he was mentally incompetent to make a will. It
was further found that up to that time he had sufficient men-
tal capacity to dispose of his property by will. No excep-
tion to these findings is taken by either party.

The contestants claim that the will drawn by Arnold was executed prior to February 13, 1903, when the testator was of sound mind, and that it contained a clause revoking all former wills made by him. The contents of this will are not very satisfactorily established. The court found that it was not proven that the will drawn by Arnold contained a revocation clause, and also found that this will was executed sometime after June 25, 1903, when the testator was found to be of unsound mind.

For the appellants there was a brief by *A. T. Twesme* and *Webber & Lees,* and oral argument by *Edward Lees.*

For the respondent *Gale* there was a brief by *Ekern & Eggum;* for the respondent *Arnold* a brief by *J. H. Hawthorne;* and the cause was argued orally by *O. J. Eggum.*

BARNES, J.    For convenience the will drawn by Mr. Arnold for the testator will be referred to as the Arnold will. The appellants insist that the finding that this will was executed after June 25, 1903, is against the clear preponderance of the evidence and should be set aside; that the same is true in reference to the finding that such will did not contain a revocation clause; that the will of January 8, 1903, was canceled, and that it is so indefinite that the testator's intent cannot be ascertained from it.

If the finding that the Arnold will was executed after June 25, 1903, has sufficient support in the testimony, it is immaterial whether it contained a revocation clause or not, because concededly Young had not sufficient mentality to make a valid will after that time.

The witness Halderson testified that he saw and read the Arnold will on February 13, 1903. He fixes the date by the recital of circumstances which would indicate that he could not be mistaken, although the transaction took place about eight years before he testified. He is corroborated by the witness Wason, and there was at least one other transaction tes-

tified to which tended to corroborate the evidence of these witnesses.

There were no other witnesses who were able to give any direct and positive evidence as to when the will was executed. But a number of persuasive facts were testified to which strongly tended to show that the will was not executed until after June 25th. It would serve no useful purpose to detail these facts. The court evidently disbelieved the evidence of Halderson and Wason. The testimony of Halderson was tainted with suspicion, to say the least. His manner and demeanor on the stand might well have convinced the trial judge that he was not a truthful witness. There was an abundance of facts testified to from which the inference might have been drawn that Young was insane when the Arnold will was made and that it was made after June 25th. We say this without any desire to criticise Mr. Arnold for drafting a will for an insane man. For a time he refused to draw the will because he did not think Young competent, but finally acted after repeated requests, to get rid of the annoyance Young was causing him. We do not feel that the finding of the trial court should be set aside. The evidence was such that a finding either way on the question would not be disturbed in this court.

The will of January 8, 1903, was written by the testator on a single page of legal cap paper except that part of the attestation clause was carried over onto the second page. The will was signed on the first page in the proper place before the attestation clause, and the signature was at some time obliterated or partially so. The appellant argues that this in itself was a revocation of the will. We do not think so. The will was regularly signed and sealed at the end of the attestation clause. The witnesses to the will testify that this is the signature which they were called upon to witness and which they did witness. They further testify that they did not see the first page of the will or know its contents, and the infer-

ence is strong that the doctor did not want them to see this portion of the will and for this reason obliterated the signature which he had made on the first page and then signed on the second. If otherwise properly executed, published, and declared, the fact that the signature followed instead of preceded the attestation clause would not invalidate the will. And where we have an obliterated signature which was not witnessed and an admittedly genuine one not tampered with which was duly witnessed, the obliterated signature does not prove revocation. *In re Wood's Will,* 11 N. Y. Supp. 157.

As to the claim that the will is so indefinite and uncertain that the testator's intent cannot be ascertained from it, we express no opinion. The proper time to test that question is after the will is admitted to probate.

*By the Court.*—Judgment affirmed.