subject to the rights and possible deductions hereinafter referred to. Real Prop. Law, §§ 91, 93; Jacoby v. Jacoby, 188 N. Y. 124, 80 N. E. 676; Hopkins v. Kent, 145 N. Y. 363, 40 N. E. 4;. Verdin v. Slocum, 71 N. Y. 345; Wendt v. Walsh, 164 N. Y. 154, 58 N. E. 2; Rawson v. Lampman, 5 N. Y. 456; Fisher v. Hall, 41 N. Y. 416; Woodgate v. Fleet, 64 N. Y. 566; Gueutal v. Gueutal, 113 App. Div. 310, 98 N. Y. Supp. 1002.

If it were possible to give validity to this intended trust, as a power, it would be the duty of the court to do so. (Real Prop. Law, § 99; Steinway v. Steinway, 163 N. Y. 183, 57 N. E. 312; Townshend v. Frommer, 125 N. Y. 446, 26 N. E. 805), but in my opinion the intended trust cannot be sustained as a power.

So far as the personal property of the testator upon which the will is operative is concerned, the same rule applies. Matter of De Rycke, 99 App. Div. 596, 91 N. Y. Supp. 159; Graff v. Bonnett, 31 N. Y. 9, 88 Am. Dec. 236.

If I am right in the conclusions which I have reached, it follows that the three children, Jessie, Marion, and Craig-A-Lea, are entitled to receive the personal property of the decedent remaining after the payment of funeral expenses, debts, and administration expenses and the setting apart of possible widow's exemptions in the following shares: The child Craig-A-Lea, two-ninths thereof, and the remaining children, Jessie and Marion, the balance then remaining, share and share alike—and that the said three children are seised as tenants in common in fee simple of the real estate of the testator each of an equal one-third part thereof, subject to the right of dower of their mother, Henrietta Braun Campbell, and possibly subject to the payment of the decedent's debts, if the personalty be not sufficient for that purpose.

The will is accordingly admitted to probate and construed as indicated herein. Submit decree on two days' notice.

Decreed accordingly.

---

(87 Misc. Rep. 239)

## In re BUSCH'S WILL.

(Surrogate's Court, Bronx County. October, 1914.)

WILLS (§ 111*)—SIGNATURE OF TESTATOR—SUFFICIENCY.

    The signature of testator beneath the attestation clause is a sufficient compliance with Decedent Estate Law (Consol. Laws, c. 13) § 21, prescribing the manner of the execution of wills.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 267–275; Dec. Dig. § 111.*]

Proceedings on the probate of the will of Christian Busch, deceased. Probate decreed.

Loeb & Popper, of New York City, for proponent.
Julius D. Tobias, of New York City, special guardian.

SCHULZ, S. The signature of the testator beneath the attestation clause is a sufficient compliance with the provisions of Decedent

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Estate Law (Consol. Laws, c. 13) § 21. Younger v. Duffie, 94 N. Y. 535, 46 Am. Rep. 156, cited with approval in Matter of Laudy, 161 N. Y. 432, 55 N. E. 914, and in Matter of Gibson, 128 App. Div. 769, 774, 113 N. Y. Supp. 266. The relative positions of the testator's signature and the signatures of the witnesses would naturally lead to the assumption that the testator had signed the will after the witnesses had affixed their signatures. The testimony of the subscribing witnesses, however, is clearly to the contrary, namely, that the witnesses signed after the testator had signed, and this notwithstanding the fact that their signatures appear before his.

There is, however, no suggestion of fraud. The will is not unnatural in its manner of disposition, and no objections to its probate have been filed except by the special guardian, who, from the manner in which the document was signed, was justified in causing a full examination of the witnesses to be made. I can find no reason for doubting the testimony of the subscribing witnesses, and nothing is offered to contradict or impeach them in any way.

The objections filed by the special guardian are dismissed, and the will admitted to probate, with an allowance to the special guardian of $25. Settle decree on two days' notice.

Probate decreed.