## McCue et al. v. Turner et al.

(Decided Feb. 16, 1934.)

DIXON & ROBINSON and LAWRENCE & CARTER for appellants.

B. F. DENHAM for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The appellants here were unsuccessful contestants in a will contest and have appealed.

In December, 1931, J. B. Turner died, and on January 4, 1932, the paper in contest dated February 8, 1929, was probated as his will. The contest was filed March 17, 1932, by nephews and nieces of Turner.

This is a short and simple will. Turner had no children, and, after providing for his burial, for a tombstone, and the payment of his debts, he gave all of his property to his wife and named her as his executrix. At that point Turner should have signed the paper, but instead of signing there he signed his name beneath the attestation clause just above the signature of the two subscribing witnesses. The same thing had been done in the case of Lucas v. Brown, 187 Ky. 502, 219 S. W. 796, and it was held a valid signing.

The scrivener of the will was called and he testified to the regular execution and attestation of the will. Then the attesting witnesses were called. Each identified his signature on the paper and said he would not

have signed the paper if he had not been asked by Mr. Turner to do so, but neither of them could remember anything whatever about the execution of the will.

Contestants objected to all of this, their objections were overruled, and they offered no evidence themselves and question the sufficiency and admissibility of the evidence for the propounders as to the execution of the will, but every question they raise has been repeatedly decided against them. See 28 R. C. L. p. 373, sec. 373.

Judgment affirmed.