UNION COUNTY ORPHANS COURT.

IN THE MATTER OF THE PROBATE OF THE ALLEGED
WILL OF NEWTON S. DRAKE, DECEASED.

Decided June 8, 1937.

For the appellants, *Frank S. Weiner*.

For the respondent, *Louis Messing, Jr.*

McGRATH, C. P. J.  Newton S. Drake, a clerk, made a will dated October 25th, 1918, in which he left his entire estate to his wife, Mae Francis Drake, and in case she should predecease him, then to his children equally.  He also provided for the payment of his debts and named an executor.

On February 10th, 1932, he executed a second will reading as follows:

"This is my last will.  I give, bequeath and devise to my wife Mae Francis Drake, in complete and perfect ownership, all my rights and property of every kind and nature, whether real, personal or mixed, wherever situated, appointing her executrix of my estate without bond and giving her possession thereof.

In witness whereof, I have hereunto set my hand this 10 day of Feb. 1932.

The above instrument, consisting of one (1) sheet was now here subscribed by Newton S. Drake the testator, in the presence of each of us; and was at the same time declared by him to be his last will; and we, at his request, sign our names hereto, as attesting witnesses;"

(Here follow the signatures of the two witnesses.)

On October 17th, 1936, he died and the second will dated February 10th, 1932, was admitted to probate by the surrogate, and is the subject of this appeal. Shortly after the execution of the second will, his wife, Mae Francis Drake, died and at the time of his death he was married to his present widow, Anna E. Drake. If the will of February 10th, 1932, was properly executed and if it revokes the will of October 25th, 1918, the second wife takes a share in the personal property by intestacy.

This second will was not signed in the usual place but the testator signed his name in the attestation clause. Apparently he had the will and attestation clause made out on the typewriter, leaving two blank spaces. He filled in one blank space with his wife's name as beneficiary, and wrote his name in pen and ink in the other space, in the attestation clause, after the words "subscribed by." He did not use the original typewritten sheet but a carbon copy, but both witnesses saw him execute the carbon copy as his will, and there is no legal objection to this if he did execute the carbon copy as his will. *In re Jolley's Will, 5 N. J. Eq. 96.*

From the testimony it appears that he signed his name in the attestation clause in the presence of two witnesses with the intention to make it his signature for the purpose of the execution of the will. This is sufficient under *In re Phelan's Estate, 82 N. J. Eq. 316; 87 Atl. Rep. 625.* In the Phelan will there was no room between the will and the attestation clause in which the testator could sign, but the distinction does not seem important in this case.

It is urged, however, that the second will does not revoke the former will but is a mere amendment, which changes the executor and reiterates the gift to the wife without disturbing the provisions of the first will as to the contingency of her death. This argument is unfounded: the two wills are inconsistent because in the first will he disposed of all his property by will and made provisions for the contingency of his wife's predecease, while in the second will he did not provide for such contingency but left the disposition in such case to the provisions of the laws of intestacy in force at his decease and

the circumstances existing at that time. The result is not necessarily the same and is not the same in this case, and in any case the two modes of disposition are legally different and pass a different estate. *In re Skellenger, 32 N. J. Eq.* 659.

The second will is a complete will and the court can only give effect to the testator's intentions as he has legally expressed them. We cannot assume that the testator intended to provide for a contingency when under the plain provisions of the second will, he did not do so. "Courts are not at liberty because an event has happened which the testator has not provided for, to disregard the ordinary rule of construction that words must be read according to their natural and reasonable meaning, and inject into the will a provision which the testator would probably have made, had be contemplated the happening of the contingency." *Stout* v. *Cook, 79 N. J. Eq.* 573; 81 *Atl. Rep.* 821.

I therefore find that both instruments are separate wills, not complementary of each other; that the second will makes a complete disposition of testator's property and completely revokes the first will. *In re Schwieller, 95 N. J. Eq.* 203; 122 *Atl. Rep.* 243; *Smith* v. *McChesney, 15 N. J. Eq.* 359. I also find that the second will, although its practical effect now is purely revocatory, is nevertheless entitled to probate. *Smith* v. *McChesney, supra.*