[Civ. No. 3475. Fourth Dist. Oct. 7, 1947.]

Estate of OLAF T. TONNESON, Deceased. IRENE M. TONNESON, Appellant, v. ARNE PEDER TONNESON, Respondent.

Wilson & Wilson for Appellant.

Novack & Haberkorn for Respondent.

BARNARD, P. J.—This is an appeal from a judgment and order admitting a will to probate. The appeal is based upon the contention that the instrument in question was not subscribed at the end thereof by the testator within the meaning of, and as required by, section 50 of the Probate Code.

The will in question was executed by the testator in connection with his initiation into the Scottish Rite. The instrument is on a printed form and consists of but one page. In the body of the will, by filling in appropriate blanks, the

deceased stated his name, residence and age, gave certain property to his wife and brother, naming them, nominated his brother as executor, and filled in the date in the testimonium clause. It is conceded that all writing inserted in the printed form is in ink and placed there by the deceased, with the exception of the signatures of the two witnesses and the word "Rialto" inserted as the address of one of them. With the exception of the dates in the testimonium and attestation clauses and of the deceased's signature in the attestation clause, all of the written matter inserted by the deceased in this printed form is written with letters printed in pen and ink rather than in script. A part of the dates referred to and deceased's signature in the attestation clause are written in script in the usual manner.

At the end of the body of the will, and following the testimonium clause, is a blank partial line intended for the signature of the testator, being in the usual place for that purpose at the right side of the page. Immediately below this is the attestation clause, in the usual form. The right half of the first line of the attestation clause is a blank line intended for the date (which the testator inserted there). The second line of this clause contains, at the right, a longer blank partial line, intended for the name of the person who has signed, published and declared the instrument to be his will. It was on this line that the testator placed his signature. These three blank partial lines are close together, follow one another, and are at the right side of the instrument immediately below and at the end of the body of the will. The two witnesses signed below the attestation clause, on blank lines provided for that purpose.

The appellant's main contention is that the end of this instrument is above the attestation clause, that the deceased's signature appearing in that clause is a part thereof and not a subscription to the instrument which precedes that clause, and that section 50 of the Probate Code was not complied with. She relies on *Sears* v. *Sears*, 77 Ohio St. 104 [82 N.E. 1067, 11 Ann.Cas. 1008], an Ohio case, *In re Churchill's Estate*, 260 Pa. 94 [103 A. 533], a Pennsylvania case, and *Estate of Seaman*, 146 Cal. 455 [80 P. 700, 106 Am.St.Rep. 53, 2 Ann.Cas. 726]. While the first two of these cases support appellant's contention, there are cases from other states supporting a contrary view. (*In re Drake's Will*, 15 N.J. Misc. 484 [192 A. 428]; *In re Noon's Will*, 31 Misc. 420 [65 N.Y.S.

568]; *In re Eyett's Will*, 124 Misc. 523 [209 N.Y.S. 251].) In each of these cases it was held that the signature of the testator, which appeared in the attestation clause, was a sufficient compliance with the requirement for subscription at the end of the will. Also, in *Younger* v. *Duffie*, 94 N.Y. 535 [46 Am.Rep. 156], *McCue* v. *Turner*, 252 Ky. 849 [68 S.W. 2d 415], and *In re Young's Will*, 153 Wis. 337 [141 N.W. 226], it was held to be a sufficient compliance with this requirement where the signature of the testator followed instead of preceded the attestation clause.

The precise question here presented has not been decided in this state, except in *Estate of Hartter*, 6 Cof. Prob. Dec. 293. In *Estate of Seaman*, 146 Cal. 455 [80 P. 700, 106 Am. St.Rep. 53, 2 Ann.Cas. 726], relied on by the appellant, the facts were quite different from those here appearing. In that case the court pointed out that the purpose of requiring the testator's name to be subscribed at the end of the will is to show on the face of the will that the testamentary purpose is a completed act, and to lessen the opportunity for fraudulent interpolations between the written matter and the signature. It is also pointed out that the intention of the Legislature in making this requirement, and not the intent in the mind of the testator, is the controlling element. It was there held that the signature of the testator on the back of the document, and completely removed from the pages containing the testamentary provisions and the attestation clause, was not sufficient under the statute. However, in speaking of the requirement with which we are here concerned, the court said: "This provision does not, however, of necessity require that it shall be in immediate juxtaposition with the concluding words of the instrument, but that it shall be so near thereto as to afford a reasonable inference that the testator thereby intended to indicate an authentication of the instrument as a completed expression of his testamentary purposes." In a concurring opinion, Chief Justice Beatty said: "The true test to determine whether a decedent has subscribed his name at the end of a will is to take the document as it left his hand, and then, disregarding the signatures of the witnesses, and all evidence *aliunde*, to see whether it is apparent that his name was placed where it appears for the purpose of execution." In another concurring opinion, Judge Angelotti said: "To comply with the

statute, the name must, of course, be subscribed after the termination of the testamentary provisions, and· where it is so placed the mere extent of space between such termination and the subscription ought not to affect the question as to whether the statute has been complied with, if the document on its face, disregarding the signatures of the witnesses and all evidence *aliunde,* fairly indicates that the name was so placed by the testator as a subscription and for the purpose of execution. The extent of space is, of course, material upon the question as to what the document does indicate upon its face.'' ,

Applying these rules and tests to the instrument here in question we think the conclusion reached by the jury and trial judge must be sustained. Disregarding the evidence which, without conflict, is that the testator signed his name in this attestation clause with the intention and announced purpose of executing his will, that result sufficiently appears on the face of the instrument. All other writing placed by the deceased in the blanks on this printed form, including his name in the first line, was done by using printed letters rather than script, but his signature in the attestation clause was in script in the regular manner. This signature was placed after all testamentary provisions had been set forth and in close proximity to the end of the body of the will. While it is in the attestation clause it is very near the end of the body of the will and in a place which might well be considered by a layman as the proper place for his signature in executing a will. In the printed form there were three blank partial lines close together. The first was intended for the signature to the will, the second for the date it was witnessed, and the third referred directly to the person who was executing the will. The deceased, a layman, placed his signature on this third partial blank line instead of the first, where it should have been. The relation of the place where this signature appears to the rest of the document and the fact that the deceased at this place inserted his regular signature, instead of writing his name in printed letters, as he did on the first line of the will, indicate an intention to authenticate the instrument as a contemplated expression of his testamentary purpose.

Moreover, the attestation clause stated that the foregoing instrument, which immediately precedes it, was signed, published as and declared to be his last will by the deceased in

the presence of the witnesses who, at his request and in his presence, subscribed their names as witnesses. The only signature of the deceased which appears anywhere in the document is this signature near the beginning of the attestation clause. It is a reasonable inference that this signature is the one to which the witnesses referred and attested, and that it was placed there for the purpose of executing that instrument as a will. In our opinion, a substantial compliance with this statute sufficiently appears in this case to support the judgment and order appealed from.

The appellant further contends that the question as to whether an instrument has been subscribed at the end thereof involves a question of law and not one of fact, that this matter should not have been submitted to a jury, and that the court entered its judgment and order without making any finding on this question of fact. This was but one of the questions submitted to the jury, which rendered a special verdict to the effect that the deceased "subscribed his name at the end of" this instrument. The judge inserted that finding in his judgment and order admitting the will to probate. This was a sufficient adoption of this finding by the court. (*Morrison* v. *Stone,* 103 Cal. 94 [37 P. 142]; *Estate of Exterstein,* 2 Cal.2d 13 [38 P.2d 151].)

The judgment and order appealed from are affirmed.

Marks, J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 4, 1947.