[Civ. No. 4846.   Fourth Dist.   July 26, 1954.]

Estate of WAYLAND BENJAMIN HOUT, Deceased. MARGARET C. HOUT, as Executrix, etc., Respondent, v. AINEE WALLACE et al., Appellants.

Edwin M. Campbell for Appellants.

William H. Macomber for Respondent.

MUSSELL, J.—The will of Wayland B. Hout, who died in the county of San Diego April 23, 1953, was entirely in the handwriting of the decedent, with the exception of the names and addresses of the subscribing witnesses, and is as follows:

"MY LAST WILL AND TESTAMENT
OF
WAYLAND B. HOUT.

"I Wayland B. Hout a resident of San Diego County, State of California, being of sound mine and not acting under duress, menace fraud or undue influence of any person, do hereby make, publish and declare this to be my Last Will and Testament, hereby revoking all former wills and codicils made by me.

"ARTICLE I

"I direct payment by my executor hereafter named, to pay out of my estate all of my just debts and funeral expenses. I request that my body be cremated and ashes thrown over the Otay Mountains.

"ARTICLE II

"After payment of all just expenses referred to in Article I, I give and bequeathe to Margaret C. Miller my entire estate also all insurance policies which now my estate is the beneficiary.

"ARTICLE III

"I hereby appoint and nominate my friend Mrs. Margaret C. Miller as executor to carry out every act and thing necessary to the proper and full administration of my estate under this my Last Will and Testament. This Will is not to be contested by any person or relative.

"I witness whereof I have hereunto set my hand to this my Last Will and Testament. January 11th 1952

"This instrument bearing the signature of the above named testator, Wayland B. Hout. was by him on the date hereof signed, published and declared by him to be his Last Will and Testament in our presence, who at his request and in his presence and in the presence of each other we believing him to be of sound and disposing mind and memory, have hereunto, subscribed our names as Witnesses

"Sam B. Lowry 4131 Ohio SD
"Harriet G. Lowry - 4131 - Ohio."

This will was admitted to probate and appellants, who are sisters of decedent, contend that it was not subscribed or signed by the decedent, as required by sections 50 or 53 of the Probate Code. It is argued that since the testator did not sign his name immediately after the words and figures: "I witness whereof I have hereunto set my hand to this my Last Will and Testament. January 11th 1952," the will was incomplete and that decedent's name appearing prior and subsequent thereto was not intended by him as his signature. We cannot agree with this contention.

In *Estate of Bloch*, 39 Cal.2d 570 [248 P.2d 21], the sole question was whether the decedent's name, which appeared only in the body of the will, constituted a signature within the meaning of the statute (Prob. Code, § 53). The court held that the signature need not be located at the end but may appear in another part of the document provided the testator wrote his name there with the intention of authenticating or executing the instrument as his will; that where a decedent's signature is found only in the body of a document which is claimed to be a will, the court must determine from an inspection of the instrument's language, form and relative position of its parts whether or not there is a positive and satisfactory inference that the decedent's name was placed in that location with the intention of executing the instrument, and if such an inference appears, the execution is considered proven; and that the courts of this state have been very liberal in sustaining the validity of holographic wills which appear to be complete testamentary documents although signed elsewhere than at the end.

In *Estate of Kinney*, 16 Cal.2d 50 [104 P.2d 782], it is said: "As to a holographic will the statute requires that it be 'entirely written, dated, and signed by the hand of the testator himself.' (Sec. 53, Prob. Code, formerly sec. 1277, Civ. Code.) Unlike a witnessed will, which must be 'subscribed at the end thereof' (sec. 50, Prob. Code, formerly sec. 1276, Civ. Code), the authenticating signature of the testator is not required to be at the end, but may be found elsewhere in the body of the testamentary document."

In *Estate of Tonneson*, 81 Cal.App.2d 703 [185 P.2d 78], appellant's main contention was that the end of the will involved was above the attestation clause and that the decedent's signature appearing in that clause was a part thereof and not a subscription to the instrument which preceded that clause, and that section 50 of the Probate Code was not

complied with. In that case as in the case before us the attestation clause stated that the foregoing instrument, which immediately preceded it, was signed, published and declared to be his last will by the deceased in the presence of the witnesses who, at his request and in his presence, subscribed their names as witnesses. The only signature of the deceased which appeared in that document was the signature near the beginning of the attestation clause, and this court there said (p. 707):

"It is a reasonable inference that this signature is the one to which the witnesses referred and attested, and that it was placed there for the purpose of executing that instrument as a will. In our opinion, a substantial compliance with this statute sufficiently appears in this case to support the judgment and order appealed from."

In the instant case the will was entirely in the handwriting of the deceased and his signature appears in two places, to wit, at the beginning of the will, which was held to be a sufficient signing in *Estate of Wallace*, 100 Cal.App. 2d 237, 239 [223 P.2d 284], and again in the attestation clause which recites that the instrument bears the signature of the testator. The will is a complete testamentary document and discloses the intent of the testator to dispose of all of his property. Substantial compliance with section 53 of the Probate Code was shown.

The order is affirmed.

Barnard, P. J., and Griffin, J., concurred.