OF

## THE STATE OF NEW JERSEY.

OCTOBER TERM, 1904.

---

WILLIAM J. MAGIE, ORDINARY.

JAMES J. BERGEN, VICE-ORDINARY.

---

In the matter of the estate of ERNEST BREINING, deceased.

[Submitted June 15th, 1904. Filed December 16th, 1904.]

Deceased employed a scrivener to draw his will, and was directed by the scrivener to come to the house of the scrivener with two witnesses to witness its execution. Deceased called upon a friend and requested him and his son to accompany him to the house of the scrivener to witness the execution of his will, exhibiting to them at the same time a folded paper. They immediately went with deceased to the scrivener's house, and on the way deceased stated to them his reasons for making a will. At the house, and in the presence of the scrivener, a folded paper was produced by deceased which the witnesses believed was that previously shown to them. It was that drawn by the scrivener. Thereupon it was duly signed and witnessed.—*Held*, that the facts established due publication of the paper as the will of deceased.

On appeal from Essex county orphans court.

*Mr. Harry V. Osborne* and *Mr. Halsey M. Barrett,* for the appellants.

*Mr. Henry Hahn* and *Mr. Frederick F. Guild,* for the respondent.

MAGIE, ORDINARY.

The sole contest in this case is whether a paper writing purporting to be the last will and testament of Ernest Breining, deceased, was executed with all the formalities required to establish it as a valid testamentary disposition. .

There is no formal attestation clause, and therefore the burden of proof of the will is upon the proponent thereof.

It is not contended that the formality of signing and witnessing the writing was defective. The contest is as to the publication of it as the will of the deceased in the presence of the witnesses.

The proof before the court below showed the following facts: Deceased had employed a scrivener to draw a will for him, and had been directed to come to the scrivener's house with two witnesses to execute it. Deceased, on the day of the execution called at the shop of a friend and, exhibiting a folded paper, requested him and his son to accompany him to the scrivener's house and witness the signing of his will. They did accompany deceased to the house, and on the way he gave them his reasons for making a will. At the house of the scrivener, in a room in which were deceased, the two witnesses and the scrivener, deceased produced a paper which the witnesses believed was that previously exhibited to them. It was then signed by deceased in the presence of both witnesses, and they signed it in his presence and in that of each other; thereupon, the scrivener, who was a notary public, seems to have added the words "in witness whereof I have hereto set my hand and seal this 4th day of March, 1903," to which he added further his name and notarial seal.

The witnesses, on direct examination, stated that deceased, at the house of the scrivener, declared before signing that the paper

produced was his will. On cross-examination both of them seemed to qualify that statement, and perhaps their evidence, as was found by the court below, goes no further than to declare that they knew at the house that the paper to be signed was the will of deceased, not from anything there said, but from what had been said by him when he produced the folded paper and asked them to accompany him to the house to act as witnesses to his will.

Upon these facts the court below reached the conclusion that the transaction, commencing with the announcement by deceased at the shop of his friends that he was about to make his will, and the exhibition of a paper as if it was that to be executed, and ending at the house of the scrivener, when a similar paper was produced by deceased and executed, was a continuous one, and that a formal and sufficient publication was thus shown. In this conclusion I concur for the reasons set forth in the opinion of Judge Skinner appearing in the transcript, which are so clearly stated as to render any repetition unnecessary.

It results that the decree appealed from must be affirmed. Under the circumstances disclosed there was such ground for review that I think the costs of the appeal should be paid out of the estate.