In the matter of JESSIE GORDON SAGE, deceased.

[Argued March term, 1919. Decided June term. 1919.]

The deceased drew her will and took it to a neighboring store, where she requested two witnesses to sign it. They did so without seeing the will, or the signature of the deceased in any part of it, and without any declaration by her that she had signed it, and that it was her last will. —*Held*, that the document lacked the essential formality of publication, and was properly denied probate.

*90 N. J. Eq.*                    In re Sage.

On appeal from a decree of the prerogative court advised by Vice-Ordinary Stevenson, whose opinion is reported *ante p. 209.*

*Messrs. Condict, Condict & Boardman,* for the appellant.

*Messrs. Ziegner & Lane,* for the respondent.

The opinion of the court was delivered by

MINTURN, J.

After Mrs. Jessie Gordon Sage, deceased, had drawn her own will, she took it to a neighboring store and requested two people there to sign it as witnesses, which they did, after which she folded up the document, and without any of the usual formalities attendant upon such an event, she went away, thereafter died, and upon the production of the document at the surrogate's office, by the husband, a caveat was filed by him to its probate.

The question involved is whether the document is a last will and testament under the requirements of our statute. Both the orphans court and the prerogative court held that it was not, and in that conclusion we concur.

The statute concerning wills is unique, in the fact that it stands as one of the few legislative products of an early generation which neither the reforming temper of advancing progress nor the iconoclastic hand of an all-pervading cacoathes for improvement has seen proper to disturb.

And, so, at a comparatively early period in our jurisprudence, this landmark of early legislative construction was subjected to judicial review at the hands of the learned Chancellor Zabriskie. Reviewing its provisions he said: "Four things are required—*first,* that the will shall be in writing; *secondly,* that it shall be signed by the testator; *thirdly,* that such signature shall be made by the testator, or the making thereof acknowledged by him in the presence of two witnesses; *fourthly,* that it shall be declared to be his last will in the presence of these witnesses.

"Each and every one of these requisites must exist. They are not in the alternative." *In re Gertrude R. McIlvane, 18 N. J. Eq. 499.*

It is evident from the testimony of the subscribing witnesses to this document that the deceased overlooked the third requisite above described, in the execution of what she doubtless intended to be her last will. This is what happened as related by one of the witnesses:

"She came and asked me whether we would sign her will which she had folded up, and we saw nothing at all, except where we could sign it. Then we signed it and she seemed to be happy and put it back in her bag.

"Q. Did she say anything else at all to you about it?

"A. No, sir.

"Q. Or to Mr. DeWitt in your hearing about the paper?

"A. No, sir.

"Q. Have you stated everything that she said about the paper which you heard at that time?

"A. Yes, sir."

Both witnesses testified that they saw no other portion of the will; that the deceased did not sign anything in their presence; that they did not see her name written in any part of the will; nor did she show them her name upon the document; nor did she state that she had signed it; nor was there any proof that her name was written in the will at the time.

Cases might be multiplied to evince the legal incompleteness of this document, as a will, without some adequate proof of its signing and publication as such by the testatrix.

It must suffice to say, that in that important particular, it lacks an essential statutory ingredient, which under the rule to which we have adverted, every document purporting to be the last will of a testator must conform, in order to be established and proclaimed as such by the courts having jurisdiction of the subject.

The decree appealed from will be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—13.

*For reversal*—None.