This is an appeal from an order of the Atlantic county orphans court, refusing probate of a paper-writing offered as the last will and testament of Joseph R. Johnson, deceased.
The refusal of probate was on two grounds, (1) that the signature appearing on the will was not proved to be the signature of the testator; (2) that there was a failure of proof that the testator had declared the instrument to be his last will.
I will consider the second ground of refusal of probate first, because, if it appears that publication of the alleged will by the testator, as his will, has not been proved by proponent, the order of the orphans court denying probate should be sustained for the reason that a proponent of a will must go further than merely prove signatures in the event that the attes tation clause is defective. Swain v. Edmunds, 53 N.J. Eq. 142; Vernon v.Vernon, 69 N.J. Eq. 759.
The will bears the signatures of two attesting witnesses, both of whom are dead, and there is, therefore, no proof of the execution of the will, other than by the prima facie evidence offered by the attestation clause. The attestation clause is in the following language: *Page 251 
"Signed, sealed, published and declared by the said testator, in the presence of us, both being present at the same time, who in his presence and in the presence of each other and at his request, have hereunto subscribed our names as witnesses."
It is obvious that the attestation clause is defective, in that the testator has failed to declare the writing "to be his last will."
In In re Beggans' Will, 68 N.J. Eq. 572 (at p. 574), the late Ordinary Magie reviewed the cases on this question:
"In Allaire v. Allaire, 37 N.J. Law 312, Mr. Justice Depue, in the supreme court, declared that a perfect attestation clause to a paper purporting to be a last will is prima facie evidence of all the facts therein, and that a will may be established upon the presumption arising from the form of the attesting clause unless there be affirmative evidence to disprove its statements. The same doctrine has been frequently enunciated in this court, and in Allaire v. Allaire, 39 N.J. Law (10 Vr.) 113, the legal rules declared by Mr. Justice Depue in the above cited opinion were held in the court of errors and appeals to have been properly settled. See, also, McCurdy v. Neall, 42 N.J. Eq.
(15 Stew.) 333; Elkinton v. Brick, 44 N.J. Eq. (17 Stew.)154; Clark v. Clark, 64 N.J. Eq. (19 Dick.) 361; Darnell
v. Busby, 50 N.J. Eq. (5 Dick.) 725; Same Case, 52 N.J. Eq.
(7 Dick.) 337.
"By a perfect attestation clause is meant one that asserts the performance of all the acts required to be done under our statute of wills to make a valid testamentary disposition. In the absence of any attestation clause the proponent must affirmatively prove the actual performance of all the required acts. Stewart v.Stewart, 56 N.J. Eq. (11 Dick.) 761; Swain v. Edmunds,53 N.J. Eq. (8 Dick.) 142; Same Case, 54 N.J. Eq. (9 Dick.)438.
"When an attestation clause states the performance of some of the requisite acts, but omits to state the performance of acts, also requisite, on reason and authority, the proponent must establish by evidence the performance of the latter acts. Ayres
v. Ayres, 43 N.J. Eq. (16 Stew.) 565."
It is true that the testator has signed, sealed, published and declared, in the presence of witnesses, something, but what *Page 252 
it was that he declared does not appear, and I find nothing in any decided case which gives me authority to say for the testator that what he declared in the presence of these witnesses was a "will."
It is argued that inasmuch as the word "testator" was used in the attestation clause, that it must be inferred that the witnesses knew what a testator was, and that it should also be inferred that the witnesses knew that the testator, as such, could declare nothing but a testament and that, therefore, they knew the writing to be a will.
This reasoning, while plausible, does not satisfy the statutory requirement, no matter what an ordinary intelligent witness to a will may be deemed to have thought when he witnessed a will; the statute requires that the proponent of a will must prove that the testator declared the writing to be his will, in the presence of witnesses.
The witnesses, being dead, speak through the attestation clause, and they say that the writing which the witnessed was signed, sealed, published and declared by the testator, but what he declared it to be they do not say.
Neither conjecture, inference or logic will arise to proof as required by the statute. In re Sutterlin, 98 N.J. Eq. 307, 312.
In the case of Bowe v. Naughton, 67 Atl. Rep. 184, Vice-Ordinary Bergen had exactly the same attestation clause under consideration, and he there said:
"The attestation clause is imperfect, in that it does not declare that it was the last will of the testatrix."
In this case, however, proof aliunde was offered and the will admitted to probate.
The statute setting forth the requirements of a valid will is of great antiguity and the rules for its construction are definitely settled by the decisions in this state. To this situation Mr. Justice Minturn had occasion to refer, and his language cannot be improved upon. In In re Sage, 90 N.J. Eq. 580,
he said:
"The statute concerning wills is unique, in the fact that it stands as one of the few legislative products of an early generation *Page 253 
which neither the reforming temper of advancing progress nor the iconoclastic hand of an all-pervading cacoethes for improvement has seen proper to disturb.
"And so, at a comparatively early period in our jurisprudence, this landmark of early legislative construction was subjected to judicial review at the hands of the learned Chancellor Zabriskie. Reviewing its provisions he said: `Four things are required — first, that the will shall be in writing; secondly, that it shall be signed by the testator; thirdly, that such signature shall be made by the testator, or the making thereof acknowledged by him in the presence of two witnesses; fourthly, that it shall be declared to be his last will in the presence of these witnesses. Each and every one of these requisites must exist. They are not in the alternative.'"
In Swain v. Edmunds, supra, Chancellor McGill said:
"It is admitted that the testatrix and the witnesses present have subscribed their names to the will, but as the document does not contain an attestation clause reciting particulars to show complete obedience to the requirements of the statute, which, upon the establishment of the signatures, would make primafacie proof of the due execution of the instrument (Darnell v.Busby, 50 N.J. Eq. 725, 727), the burden is thrown upon the proponents to go further than proof of the mere signatures, and affirmatively show that the will was executed in conformity with the statute's requirements; and in bearing that burden he must, among other things, prove that the testatrix declared the writing to be her will in the presence of the two witnesses. The fact is shown when he makes it appear that the testatrix clearly evinced to the witnesses in some way by which one mind can communicate with another, that the writing she desired them to attest was her will."
In the instant case there is absolutely no proof that the testator "evinced in some way by which one mind can communicate with another that the writing" which the witnesses attested was testator's will.
It is said that such a construction of the demands of the statute as this is harsh and may work an injustice. The *Page 254 
answer is that the statute expresses the legislative requirement for a valid will, and until that body sees fit to change it, the courts are not at liberty so to do.
As far back as 1867, the then ordinary, in In re McElwaine,18 N.J. Eq. 499 (at p. 504), said:
"I have no doubt that this paper was intended by the testatrix as her will, and that but for the statute, it ought to have effect given to it, so far as she had legal power to make a will. But if one safeguard provided by statute is dispensed with, another may be, and if I do so in this case, where the construction is clear, I may as well dispense with the requirement of writing, or of two witnesses. The danger is offrittering away the statute to avoid its effect when it worksinjustice." (Italics mine.)
In Ludlow v. Ludlow, 36 N.J. Eq. 597, Mr. Justice Scudder said:
"The words used in the statute, `acknowledgment' and `declared,' demand an open expression either in words or unmistakable acts," and he further reiterated the rules, with reference to proof of publication, in order to satisfy the statute by which I am bound, and which had been announced by the court prior to the decision by that learned justice. He said (atp. 600):
"The words of attestation above the names of the testator and the witnesses in this paper, `signed and sealed, c.,' and `in presence of' are not proof of publication, according to the statute. In Compton v. Mitton and Combs v. Jolley, the court says that the better and safer rule is to require aliteral construction of the statute in regard to the publication; and in Allaire v. Allaire, 37 N.J.L. 312, 325,
it is said that, if the attestation clause does not contain all the requisites to the making of a will, affirmative proof must be made of its execution in the manner and with the formalities prescribed by the statute." (Italics mine.)
There are many cases to like effect, including: Davenport v.Davenport, 67 N.J. Eq. 320; Bowe v. Naughton, supra; Allaire
v. Allaire, 37 N.J. Law 312; In re Beggans' Will, supra; Mundy
v. Mundy, 15 N.J. Eq. 290. *Page 255 
It is agreed in the instant case that an inspection of the entire writing clearly demonstrates that it was and is testator's last will and testament. True — but there is nothing to show that the testator so declared to the subscribing witnesses, as he was required to do by the statute. There is no reported case in this state which I have been able to find, or which the industry of counsel has developed for me, which supports the theory that the recitals in that part of the writing which precedes the attestation clause may be used as an assistance toward proof of the statutory requirements which the attestation clause omits, but on the contrary, the decided cases hold the opposite view.
In In re Beggans' Will, supra, the court said:
"No amount of proof that the paper signed by the decedent was that which the subscribing witnesses signed will avail to establish it as a will if it fails to show that their signatures were affixed in the presence of the decedent."
To like effect is Ludlow v. Ludlow, supra, and Swain v.Edmunds, supra.
In the case of Vernon v. Vernon, supra, the court ignored the fact that the maker of the will had twice recited in the body of the paper that it was her "last will and testament" and required proof that the testatrix, at the time of its execution, "declared" it so to be.
Counsel for proponent says that in the case "In reKirkpatrick, 22 N.J. Eq. 463, the attestation clause was imperfect and that the court resorted to an examination of the will in overcoming the defect in the attestation clause." The attestation clause there under consideration by the court did not set forth that both witnesses were present at the same time, but it did recite that "both witnesses saw testatrix sign the will," and the court said: "There being but one signature of the testatrix, the fact that both saw her sign shows the presence of both at the same time." A far different situation than that existing in the present case, in which, without any proof, I am asked to say that (because an inspection of the written instrument discloses it to be a will, and because it is recited to be such in the preamble thereof) the testator declared to *Page 256 
the witnesses that it was his will, as required by the statute. That I may not do so is apparent from the attestation clause before the court in Bowe v. Naughton, supra, in which Vice-Ordinary Bergen (at p. 185), said:
"The attestation clause signed by the two witnesses states that it was `signed, sealed, published and declared by Johanna Murphy, the above-named testatrix, in the presence of each of us, and we at her request and in her presence, and in the presence of each other, have hereunto subscribed our names as witnesses.' The attestation clause is imperfect, in that it does not declare that it was the last will of the testatrix; but it does state that the paper was signed and sealed in the presence of the witnesses who, at her request, and in her presence and of each other, subscribed their names as witnesses, so that, in order to make a primafacie case, all that was necessary to be proven was that the testatrix executed it as her last will."
The vice-ordinary, it will be observed, required proof of the witnesses that the testatrix had declared the instrument there under discussion to be her will, and this proof was supplied, resulting in the probate of the will, but it is quite apparent that without this proof aliunde, probate would have been refused, notwithstanding the fact that the testatrix had, in the body of the will, declared it to be such a document, in two places, one of which occurred on the same page of the will as the attestation clause.
It is true that publication need not be made in any special form and that the object of publication is to acquaint the witnesses with the fact that it was testator's will, but there must be proof in some form that there was, in fact, a publication by the testator of his will, and the mere recital in the attestation clause that there was a publication, without setting forth what was published, is not sufficient.
I must, under the decisions in this state, affirm the order of the orphans court, denying probate. *Page 257