The Monmouth County Orphans' Court admitted to probate as the will of Edward R. Heyer, deceased, a certain paper writing with the exception of the fourth paragraph therein which the court found that the testator had revoked. The paragraph excepted from probate gave the residue of testator's estate to Clarence Ziegler and Ethel, his wife. They appeal from so much of the decree of the Orphans' Court as denies probate to the residuary clause. The facts are these:
On Saturday, February 1, 1947, shortly before noon, testator called on his attorney, Mr. Thomas P. Doremus, and told him that he wanted to cut the Zieglers from his will, and asked him to take care of it immediately. Mr. Doremus suggested that Mr. Heyer execute a new will but added that he could *Page 150 
not draw it that day because his clerical force had already left the office. Testator insisted on the revocation, "I want it done now; I want it done immediately." "I haven't made up my mind about another will yet. I don't know who I want to leave it to." The lawyer pressed his advice that another will be made, "otherwise his relatives would get it," and testator replied, "I will take care of that in the future." So Mr. Doremus, with pen, ran a line through each word of the fourth paragraph of the original will and then on the margin wrote: "I hereby revoke the fourth paragraph of my last will and testament." Testator signed this statement on the margin and the attorney and a Mr. McCue, who had been asked into the room for the purpose, signed as witnesses. Although Mr. Heyer lived until the next December, he did not execute a new will.
Appellants say that the law does not permit a testator to revoke the residuary clause of his will. We know of no such rule. "The law gives every citizen full dominion over his property. He may do with it whatever to him may seem fit, provided his disposition of it is made pursuant to legal methods and not in contravention of the law." Creveling v. Fritts, 34 N.J. Eq. 134, at 142 (Ch. 1881). A man may dispose of part of his property by will and leave the balance to go in accordance with the statutes of descent and distribution in cases of intestacy. Any devise or bequest in a will can be revoked by the cancellation of the same by the testator himself or by another person in his presence, by his direction and consent. R.S.
3:2-4; In re Kirkpatrick, 22 N.J. Eq. 463 (Zabriskie, O.,
1871); Hilyard v. Wood, 71 N.J. Eq. 214 (Bergen, V.O.,
1906).
Appellants next urge that the revocation of the fourth paragraph was conditional; that testator intended the revocation to be operative only if he should execute another will or a codicil disposing of his residuary estate. We cannot reconcile this theory with the proofs. The signed statement on the margin of the will, "I hereby revoke the fourth paragraph of my last will and testament," is strong evidence of an unconditional intention to revoke. The undisputed testimony of the two witnesses who were present when the residuary clause was *Page 151 
cancelled, shows the same intention. Mr. Heyer intended the revocation to take effect that day, immediately, whether or not he should make a new will at some future time. In accordance with his intention, the revocation was effectual. In re Frothingham,76 N.J. Eq. 331 (E. A. 1909); In re Allen, 88 N.J. Eq. 291 (Leaming, V.O.), affirmed 89 N.J. Eq. 208 (E. A.
1918). The decree of the Orphans' Court will be affirmed with costs to be paid by the appellants.