198 N.J. Super. 484 (1984)
487 A.2d 777
IN THE MATTER OF THE ESTATE OF THOMAS JOHN CUNNINGHAM, DECEASED.
Superior Court of New Jersey, Law Division Probate Part, Camden County.
Decided June 21, 1984.
*485 Leonard J. Wood for Francis Rogers (Console, Marmero, LiVolsi, Wood and Curcio, attorneys).
Thomas A. Cunningham, Esq. Pro se.
LARIO, J.T.C. (temporarily assigned).
In this proceeding there has been offered for probate a writing purported to be the Last Will and Testament dated December 27, 1977 of Thomas John Cunningham who died on September 9, 1983 domiciled in the City and County of Camden, State of New Jersey.
The writing offered is on a printed will form wherein the first and last clauses, plus the attestation clause are mainly printed and the balance is totally handwritten. From the proofs submitted, it is abundantly clear that the handwriting is that of the decedent.
The first paragraph reads: "In the name of God, Amen. I" which is printed followed by the handwriting: "Thomas John Cunningham  Social Security number XX-XX-XXXX", which in turn is followed by printing: "being of sound mind, memory and understanding, do make and publish this my Last Will and Testament, in manner following, that is to say:"
Included in the body of the will, in the total handwriting of the decedent are instructions concerning the donation of his bodily remains, specific bequests and the devise and bequest of *486 the remainder of his estate. This is followed by the testimonium clause, which is printed with the exception of the date which is handwritten. Immediately below this clause and to the right, is a printed line, upon which a testator normally signs his name, at the end of which is printed "Seal". The decedent did not sign his name on this line; instead, it contains the signature of a Notary Public of New Jersey, together with his notarial seal impressed over the printed word "Seal".
In addition to the proofs concerning decedent's handwriting, the proponent presented the testimony of two persons who signed the writing as witnesses; the first being the notary who is also a realtor, and the second, who is the realtor's secretary.
Although the writing contains two signatures as witnesses, it cannot be admitted to probate under the provisions of N.J.S.A. 3B:3-2 because the testimony of these witnesses disclosed that the execution of this writing was not in accordance with the formal requirements of the statute which provides:
Except as provided in N.J.S. 3B:3-3, every will shall be in writing, signed by the testator or in his name by some other person in his presence and at his direction, and shall be signed by at least two persons each of whom witnessed either the signing or the testator's acknowledgment of the signature of the will.
The witness requirements of this clause probably were met as to the first witness, however, they definitely were not complied with as to the second witness. The notary testified that the decedent came to his office with the proposed will fully completed as introduced in evidence with the exception of the signatures of the witnesses. His recollection of decedent and exactly what transpired was very vague; however, he was requested to sign the purported will as a witness and he identified and recognized the signature and the seal as his. He could recollect no other details concerning his signing or the signing by his secretary. The secretary testified that she did not recall the decedent. She stated that she occupies a room next to the realtor's office and vaguely recollects being called into his office by the realtor to sign a paper. She can recall no other facts although she identified her signature.
*487 Although the recently adopted requirements of N.J.S.A. 3B:3-2 have reduced to a minimum the formalities for execution of a witnessed will,[1] it does require that each of the witnesses must witness either (a) the signing of the will by the testator; or, (b) an acknowledgment by the testator that the signature is his. Here, neither witness presented evidence from which it can be concluded that either of these requirements had been complied with as they pertain to the secretary's signature. The first witness testified that the writing had been completed when the testator brought it into his office; therefore, neither witness could have witnessed the signing. The secretary's sole vague recollection was that she was requested by the realtor to sign the writing. She did not recall the testator's making any statements whatsoever.
It can reasonably be inferred that the testator identified the writing as his will to the realtor; there is no testimony to support a finding that at that point the secretary was present. According to her testimony, it was the realtor who called her into his office and requested her to sign her name as a witness. No evidence was presented to establish that the testator acknowledged to her that his written name in the instrument constituted his signature.
Although the writing is inadmissible as a will under N.J.S.A. 3B:3-2, supra, we must now determine whether it is admissible as a holographic will under N.J.S.A. 3B:3-3, which states:
A will which does not comply with N.J.S.A. 3B:3-2 is valid as a holographic will, whether or not witnessed, if the signature and material provisions are in the handwriting of the testator.
Prior to New Jersey's partial adoption of the Uniform Probate Code, except for wills made by certain members of the *488 armed services,[2] a holographic will was not entitled to probate unless its execution was witnessed and subscribed by two witnesses. N.J.S.A. 3A:3-2 (1953). In re Sage, 90 N.J. Eq. 580 (E. & A. 1919); In re Taylor, 28 N.J. Super. 220 (App.Div. 1953).
By laws effective in 1978[3] and 1982,[4] New Jersey reformed its probate laws whereby it adopted many of the provisions of the Uniform Probate Code, 8 U.L.A. (1974). By the changes made in N.J.S.A. 3B:3-3, supra, all that is required to admit a writing to probate as a holographic will is that the signature and the material provisions in the will be in the handwriting of the testator. In the instant case, since all the material provisions are unquestionably in decedent's handwriting, the only issue remaining to be decided is whether decedent's signature at the beginning of the instrument complies with the requirement of a signature as contained in the statute.
N.J.S.A. 3B:3-2, supra, which sets the standard for formal execution of wills is similar to § 2-502 of the Uniform Probate Code, supra. Although this section refers to the formalities required of a witnessed will, the comment thereto includes the following: "There is no requirement that the testator's signature be at the end of the will; thus, if he writes his name in the body of the will and intends it to be his signature, this would satisfy the statute. The intent is to validate wills which meet the minimal formalities of the statute."
Our newly adopted holographic will statute, N.J.S.A. 3B:3-3, supra, is similar to § 2-503 of the Uniform Probate Code, supra, which contains the following comment:

*489 This section enables a testator to write his own will in his handwriting. There need be no witnesses. The only requirement is that the signature and the material provisions of the will be in the testator's handwriting. By requiring only the "material provisions" to be in the testator's handwriting, (rather than requiring, as some existing statutes do, that the will be "entirely" in the testator's handwriting) a holograph may be valid even though immaterial parts such as date or introductory words be printed or stamped. A valid holograph might even be executed on some printed will forms if the printed portion could be eliminated and the handwritten portion could evidence the testator's will.
It is presumed that our Legislature was cognizant of the comments and explanations contained in the code and by its adoption of these two sections without making any material changes, it is logical to infer that the Legislature did not intend to restrict a testator's signature to any specific place in the will so long as the testator intended his written name to constitute his signature. It is noted that in neither of the two sections has the Legislature required that the will be subscribed; each only requires that it be signed.
From the testimony presented in this case, I find that the decedent intended the instrument to be his Last Will and Testament. Although it is apparent that the decendent was not completely familiar with the formal requirements for the execution of a will, he obviously was of the impression that it required two signatures and possibly believed that an acknowledgment by a Notary Public was also necessary. Although he failed to comply with the formal requirements of a witnessed will as mandated by N.J.S.A. 3B:3-2, supra, there is ample proof that he intended the writing to be his will and his written name at the beginning of the will to be his signature, and I so find.
Since the statute does not specifically require that the signature of a testator be at the end of a holographic will, I conclude that if a testator signs his name at the beginning of the writing, with the intention that it be his signature to his will, as was done here, it is sufficient to meet the signature requirements of N.J.S.A. 3B:3-3, supra. Cf. In re Phelan, 82 N.J. Eq. 316 (Prerog.Ct. 1913), aff'd ob 82 N.J. Eq. 647 (E. & A. 1914). It is *490 further concluded that the writing dated December 27, 1977 offered for probate as the Last Will and Testament of Thomas John Cunningham complies with all of the requirements of N.J.S.A. 3B:3-3, supra; therefore, the Surrogate of Camden County is directed to accept the same for probate.
NOTES
[1] N.J.S.A. 3A:3-2, which contained four requirements for a validly executed will, In re McElwaine, 18 N.J. Eq. 499 (Prerog.Ct. 1867), was repealed by N.J.S.A. 3A:2A-4, Wills and Probate Reform Act of 1978, L. 1977, c. 412 effective September 1, 1978. N.J.S.A. 3A:2A-4 was re-enacted with technical amendments by N.J.S.A. 3B:3-2, L. 1981, c. 405, effective May 1, 1982.
[2] N.J.S.A. 3A:3-5 rendered valid a will made by any person 18 years of age or upwards while in active military service in time of war, emergency or like conditions.
[3] Wills and Probate Reform Act of 1978, L. 1977, c. 412 effective September 1, 1978.
[4] L. 1981, c. 405 effective May 1, 1982.