240 N.J. Super. 337 (1990)
573 A.2d 467
IN THE MATTER OF THE PROBATE OF THE ALLEGED WILL OF RUSSELL G. RANNEY, DECEASED.
Superior Court of New Jersey, Appellate Division.
Argued January 24, 1990.
Decided March 19, 1990.
*338 Before Judges DREIER, D'ANNUNZIO and WEFING.
Richard F. Lert argued the cause for appellant Ranney School (Wilentz, Goldman & Spitzer, attorneys, Mr. Lert of counsel and on the brief)
David L. Menzel argued the cause for appellants Susan R. Bass, Henry Bass and Harland Ranney (Stryker, Tams & Dill, attorneys).
Thomas J. Goodwin argued the cause for respondent-cross appellant Betty McGregor (Krugman, Chapnick & Grimshaw, *339 attorneys; Thomas J. Goodwin, Martin Krugman, Ward C. Laracy and Catherine A. Carr on the brief).
The opinion of the court was delivered by WEFING, J.S.C. (temporarily assigned).
This matter is here on appeal from a judgment of the Superior Court, Law Division, Probate Part, which vacated a judgment of the Monmouth County Surrogate admitting a document to probate as the Last Will and Testament of Russell G. Ranney who died April 4, 1987. The document consisted of five pages with eleven articles. The eleventh article concluded on the fourth page and was immediately signed on that page in the following manner:
IN WITNESS WHEREOF, I have set my hand and seal this 26th day of October, One Thousand Nine Hundred and Eighty Two.
 /s/ Russell G. Ranney
 Russell G. Ranney L.S.
Nothing further was on that page; the next page appeared as follows:
ACKNOWLEDGMENT AND AFFIDAVIT RELATING TO EXECUTION OF WILL
 STATE OF NEW JERSEY
 §
 COUNTY OF MONMOUTH
RUSSELL G. RANNEY, JOHN SCHUSTER, III, and LAURA J. STOUT, the Testator and the witnesses, respectively whose names are signed to the attached instrument, being first duly sworn, do hereby declare to the undersigned authority that the Testator signed and executed the instrument as his Last Will and Testament and that he signed willingly and that he executed it as his free and voluntary act for the purposes therein expressed; and that each witness states that he or she signed the Will as witnesses in the presence and hearing of the Testator and that to the best of his or her knowledge, the Testator was at the time 18 or more years of age, of sound mind and under no constraint or undue influence.
 /s/ Russell G. Ranney
 RUSSELL G. RANNEY
 /s/ John Schuster, III
 /s/ Laura J. Stout

*340 Subscribed, sworn to, and acknowledged by John Schuster, III, and Laura J. Stout, witnesses, this 26 day of October 1982.
 /s/ Carmella Mattox
 Notary
The document contained no attestation clause and the only time the witnesses signed it was when they signed the affidavit; this despite the fact that the affidavit recites that the witnesses had signed "the attached instrument." The affidavit was completed by the notary, who affixed her stamp below her signature.
The Surrogate accepted the document for probate and Betty Coleman Ranney (decedent's spouse),[1] Robert J. Kantor (decedent's attorney and the draftsman of the Will) and Henry Bass (decedent's son-in-law) qualified as executors and trustees of the various trusts Mr. Ranney created under his Will for his wife, children and stepdaughter. Mr. Ranney gave his children a power of appointment over a portion of the estate and the balance of the remainder interests to the Ranney School.
Mr. Ranney executed this instrument on October 26, 1982 at the law offices of his then attorney. Mrs. Ranney executed her will at the same time. Although it contains somewhat different dispositive provisions, its provisions for execution are identical to that of her husband's, that is, the testimonial clause was immediately followed by an "Acknowledgment and Affidavit Relating to Execution of Will"; it contained no separate attestation clause and no separate signatures of the witnesses. There were several other differences in the respective instruments. Mrs. Ranney's Will was stapled together prior to execution and Mr. Ranney's was not. Each page of Mrs. Ranney's Will contained a legend which identified it as page 1, 2 or 3 of a three page will and the Acknowledgment and Affidavit contained the legend "attached to a three page will." *341 The sheets of paper which comprise Mr. Ranney's Will contained no such legend.
Administration of Mr. Ranney's estate commenced, but Mrs. Ranney became dissatisfied with the terms of her late husband's Will. Mr. Kantor, the draftsman and attorney for the estate, was disbarred by the Supreme Court on March 8, 1988 for reasons which do not pertain to this matter. Mrs. Ranney retained new counsel and on April 7, 1988 obtained an order to show cause why the judgment admitting Mr. Ranney's Will to probate should not be vacated and letters of administration issued to her. The parties engaged in a period of brief discovery, and legal argument was held on May 27, 1988 before the trial judge. No testimony was presented. He concluded that the Will was not executed in compliance with our statutory requirements, executed an order which vacated the Surrogate's judgment and directed that the estate of Russell G. Ranney be distributed in accordance with the laws of intestate succession. He reached that conclusion despite his statement that if he were asked if he believed that the instrument represented Mr. Ranney's Last Will and Testament, his response would be "sure."
The appellants' first argument is that Mrs. Ranney's challenge was untimely and thus should not have been heard at all. R. 4:80-7(b) provides that a person who is a resident of this State seeking relief from a judgment of the surrogate's court under R. 4:50 must move under R. 4:50-1(a), (b) or (c) within three months of entry of the judgment. Mrs. Ranney has been a resident of New Jersey at all pertinent times and did not seek the order to show cause until almost a year after the instrument was admitted to probate. Mrs. Ranney's application could thus have been dismissed on a procedural basis, as untimely. The trial judge disagreed with this argument. Were we to agree with the result reached by the trial judge, the vacation of the original probate, we would have to determine whether, as a threshold issue, Mrs. Ranney's action was timely. But since we are of the view the document executed on October 26, 1982 by *342 Mr. Ranney was entitled to be probated as his Will, we choose not to rely on a procedural dismissal but rather to assume, without deciding, that Mrs. Ranney's application was properly presented to the Law Division.[2]
The manner of execution of a will in New Jersey is now governed by N.J.S.A. 3B:3-2 which was enacted in 1982 as part of the comprehensive revision of our statutes dealing with the administration of estates. That statute requires that every will shall be in writing and shall be signed by the testator or signed in his name by another individual in the presence and at the direction of the testator. It also requires that the will "be signed by at least two persons each of whom witnessed either the signing or the testator's acknowledgment of the signature or of the will."
One of the goals of this statute was to reduce the "formal encrustations" which had previously been required for the proper execution of a will, Matter of Estate of Peters, 107 N.J. 263, 272, 526 A.2d 1005 (1987), and thus obviate disputes as to whether the decedent had declared the document his Will, In re *343 Johnson, 115 N.J. Eq. 249, 171 A. 307 (Prerog. 1934), or whether the testator and the witnesses were all present at the same time in the presence of each another. In re Politowicz' Estate, 124 N.J. Super. 9, 304 A.2d 569 (App.Div. 1973); In re Amsden's Will, 120 N.J. Eq. 555, 187 A. 148 (Prerog. 1936), aff'd. 121 N.J. Eq. 571, 191 A. 801 (E & A 1937).
The statute did not, however, "dispense with the requirement that the execution of a will be witnessed. Indeed, it is arguable that as the number of formalities have been reduced, those retained by the Legislature have assumed even greater importance, and demand at least the degree of scrupulous adherence required under the former statute." Matter of Estate of Peters, 107 N.J. at 274, 526 A.2d 1005.
As part of the process of simplifying the execution and probate of a will, the legislature also adopted N.J.S.A. 3B:3-4 and N.J.S.A. 3B:3-5, both of which afford techniques by which a will can be made self-proving, i.e., admitted to probate without the necessity of a witness appearing before the Surrogate. N.J.S.A. 3B:3-4 provides a method to make a will self-proving at the time of its execution, while N.J.S.A. 3B:3-5 provides a method to make a will self-proving at any time subsequent to its execution. Both statutes set forth the appropriate affidavits to be used in each situation. The text contained in the "Acknowledgment and Affidavit" which was executed by Mr. Ranney, Mr. Schuster and Ms. Stout is that contained in N.J.S.A. 3B:3-5, and is appropriate to use only if a will has previously been executed in conformity with N.J.S.A. 3B:3-2 and a testator later desires to have the convenience of a self-proving will.
Appellants assert two main substantive arguments to support their contention that the trial judge's conclusion to vacate the judgment of probate was erroneous. Their first contention is that the instrument does in fact literally comply with N.J.S.A. 3B:3-2. They argue that since the law in New Jersey has never required a testator to sign a will in a particular place, such a requirement should not be imposed for the *344 witnesses. See, e.g., In re Estate of Cunningham, 198 N.J. Super. 484, 487 A.2d 777 (Law Div. 1984); In re Phelan's Estate, 82 N.J. Eq. 316, 87 A. 625 (Prerog.Ct. 1913), aff'd. per curiam sub nom. Phelan v. Phelan, 82 N.J. Eq. 647, 91 A. 1070 (E & A 1914); In re Drake's Will, 15 N.J. Misc. 484, 192 A. 428 (Orphans Ct. 1937). There are, however, reasons of logic and policy not to apply that broad principle to the signatures of witnesses to a will. Of what significance, for instance, would the witnesses' signatures be if they preceded that of the testator or if one preceded and one followed? "The witness' signature has significance as an evidentiary requirement or probative element, serving both to demonstrate and to confirm the fulfillment of the observatory function by the witnesses." Matter of Estate of Peters, 107 N.J. at 275, 526 A.2d 1005. We decline to hold that the placement of the witnesses' signatures is immaterial.
Appellant's second argument, that the self-proving affidavit is, in fact, part of the Will, and that in consequence it satisfied N.J.S.A. 3B:3-2, has been considered in other jurisdictions. Compare, In re Estate of Cutsinger, 445 P.2d 778 (Okla. 1968); Estate of Charry, 359 So.2d 544 (Fla. Dist. Ct. App. 1978); Matter of Estate of Petty, 227 Kan. 697, 608 P.2d 987 (1980), which adopt that principle, with Boren v. Boren, 402 S.W.2d 728 (Tex. 1966) and Matter of Estate of Sample, 175 Mont. 93, 572 P.2d 1232 (1977), which reject it. Recently, Delaware has treated a self-proving affidavit as part of a decedent's will under the doctrine of integration. See, Matter of Will of Carter, 565 A.2d 933 (Del. 1989).[3]
We are of the view that the cases which treat a self-proving affidavit as a part of the will itself are the better reasoned ones. Even prior to the adoption of our simplified *345 probate statutes, a formal attestation clause was not a necessary element to a will; a will could be probated even in the absence of an attestation clause. 5 N.J. Practice (Clapp, Wills & Administration) (Rev. 3 ed. 1982) § 128; 2 Bowe-Parker: Page on Wills § 19.140. The absence of a perfect attestation clause merely requires the proponents of the will to prove that all of the attendant elements of due execution were complied with. Breining's Case, 68 N.J. Eq. 553, 59 A. 561 (Prerog.Ct. 1904). We can see no reason, either in logic or in policy, to deny a similar opportunity to the proponents of this document.
The matter is reversed and remanded for the conduct of a hearing at which proponents of this document may seek the probate of this document in solemn form. If, at the conclusion of that hearing, the trial judge is satisfied that Mr. Ranney executed this document as his Will and that Mr. Schuster and Ms. Stout signed the Acknowledgment and Affidavit in response to his request to witness the document as his Will and that both Mr. Schuster and Ms. Stout witnessed either Mr. Ranney's signature or acknowledgment of his signature, he may discharge the order to show cause and reinstate the judgment admitting the document to probate.
Mrs. Ranney has cross-appealed from that portion of the judgment below which appointed co-administrators of this estate, rather than appointing her sole administrator. In light of the conclusion we have reached herein, that appeal is moot.
NOTES
[1] Betty Ranney is now known as Betty McGregor; we shall, however, for ease of understanding, refer to her as either Betty Ranney or Mrs. Ranney throughout this opinion.
[2] R. 4:50 has three other subsections, (d), (e) and (f) which set forth grounds upon which a person may be relieved of a judgment. The three month time limitation contained within R. 4:80-7(b) does not control applications brought under those subsections. R. 4:50-1(d) allows for relief from a judgment when it is void.

R. 4:84-1(d) provides that a surrogate's court shall not act in any matter where "a doubt arises on the face of a Will ..." The recital contained within the "Acknowledgment and Affidavit" submitted with Mr. Ranney's Will is completely at variance with the balance of the document, for the affidavit contains the witnesses' sworn statement that they previously signed the Will although their signatures do not appear anywhere prior to the affidavit. This disparity might have created sufficient doubt which arose on the face of the Will so that the surrogate should not have accepted it for probate in the first instance. If the surrogate was barred under R. 4:84-1(d) from proceeding, the judgment which admitted the instrument to probate could be considered as void. Mrs. Ranney's challenge would thus fall under R. 4:50-1(d) and not be subject to the three-month time limitation. The only requirement is that such a challenge be presented "within a reasonable time" R. 4:50-2. As noted above, we assume, without deciding, that Mrs. Ranney's order to show cause was properly before the court.
[3] Integration, properly understood, refers to a testator's intention that his signature on one of several sheets was intended to apply to all of the papers present at the time of signature, not to the situation presented here. See 2 Bowe-Parker: Page on Wills § 19.9 (1960)